# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| BRIAN WHITAKER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>INFINITE LOOP CUPERTINO HOTEL, LLC,<br><br>　　　　Defendant. | Case No. 21-cv-00483-BLF<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>[Re: ECF No. 15] |

Before the Court is Defendant Infinite Loop Cupertino Hotel, LLC's Motion to Dismiss the First Amended Complaint. ECF No. 15 ("Motion"). Plaintiff's First Amended Complaint alleges that Defendant's hotel website does not comply with the Americans with Disabilities Act or the California Unruh Civil Rights Act because the online reservation system does not provide sufficient information for Plaintiff to evaluate if any hotel room would be accessible to him given his physical disabilities. Defendant moves to dismiss Plaintiff's First Amended Complaint in its entirety with prejudice, arguing that its website complies with both acts. Plaintiff opposes. ECF No. 18 ("Opp'n"). The Court found this Motion appropriate for resolution without oral argument and vacated the September 2, 2021 hearing. ECF No. 20. For the following reasons, the Court GRANTS Defendant's Motion to Dismiss WITH LEAVE TO AMEND.

## I.　BACKGROUND

### A.　Factual Allegations in the First Amended Complaint

Plaintiff Brian Whitaker is a quadriplegic who suffers from a C-4 spinal cord injury, which restricts his ability to stand, reach objects, and maneuver around fixed objects. ECF No. 12 ("FAC") ¶¶ 1, 14. His injury forces him to use a wheelchair for mobility. *Id.* ¶ 1. When he travels, Plaintiff requires an accessible guestroom with certain features so that he can "travel

independently and safely." *Id.* ¶ 15.

Plaintiff alleges that he planned on traveling to the Cupertino, California area in October 2020. FAC ¶ 12. After searching for accommodations, Plaintiff says that he chose the Aloft Cupertino Hotel (the "Hotel"), a Marriott-affiliated hotel owned and operated by Defendant, because of its "desirable price and location." *Id.* ¶ 13. Plaintiff visited the Hotel's reservation website to book an accessible room. *Id.* ¶ 16. Plaintiff says that after selecting a room, the only information provided by the website is that the room is a "mobility accessible room" with either a "roll-in shower or tub." *Id.* ¶ 18. Plaintiff further alleges that elsewhere on the Hotel website, a "key amenities" tab makes "general statements . . . about hotel room accessibility." *Id.* ¶ 25. Plaintiff alleges that the information presented on the website is insufficient to allow him to determine if the hotel room would work for him given his disability. *Id.* ¶ 26. Plaintiff says that he will continue to travel to Cupertino and plans on staying at the Hotel once it changes its system so that he can determine if the accessible room meets his needs. *Id.* ¶ 30.

B.   **Defendant's Request for Judicial Notice**

Defendant asks the Court to take judicial notice of parts of the Hotel's website that it says undermine the claims in the First Amended Complaint. On the "Hotel Details" page on the Hotel website, there is an "Accessibility" section listing several accessibility features of the Hotel:



*See* ECF No. 19-1 at 2. The Accessibility section also states that any potential patron who wants

1  "more information about the physical features of [the Hotel's] accessible rooms, common areas, or
2  special services relating to a specific disability" can call the Hotel.  *Id.*  When a potential patron
3  browses available rooms, they can filter their results by rooms with certain accessibility features:



9  *See* ECF No. 15-2 ("RJN") at 9.  Potential patrons can also view "Accessible Room Features" for
10 each individual type of room.  *See id.* at 10.

11  **C.  Procedural History**

12  Plaintiff filed his original complaint on January 20, 2021.  ECF No. 1.  In lieu of
13 responding to Defendant's motion to dismiss, Plaintiff filed the First Amended Complaint that is
14 the subject of this Motion.  *See* FAC.  Plaintiff alleges two causes of action, one for violation of
15 the Americans with Disabilities Act, *id.* ¶¶ 32-35, and the second for violation of California's
16 Unruh Civil Rights Act, Cal. Civ. Code §§ 51-53.  *Id.* ¶¶ 36-39.

17  **II.  LEGAL STANDARD**

18  "A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a
19 claim upon which relief can be granted tests the legal sufficiency of a claim."  *Conservation Force*
20 *v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (internal quotation marks and citation omitted).
21 While a complaint need not contain detailed factual allegations, it "must contain sufficient factual
22 matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*,
23 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A
24 claim is facially plausible when it "allows the court to draw the reasonable inference that the
25 defendant is liable for the misconduct alleged."  *Id.*  When evaluating a Rule 12(b)(6) motion, the
26 district court must consider the allegations of the complaint, documents incorporated into the
27 complaint by reference, and matters which are subject to judicial notice.  *Louisiana Mun. Police*
28 *Employees' Ret. Sys. v. Wynn*, 829 F.3d 1048, 1063 (9th Cir. 2016) (citing *Tellabs, Inc. v. Makor*

United States District Court
Northern District of California

*Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

## III. DISCUSSION

The Court first addresses Defendant's request to take judicial notice before turning to the Motion itself.

### A. Request for Judicial Notice

Defendant requests that the Court take judicial notice of eleven different exhibits. *See* ECF No. 15-2 ("RJN"). Exhibits 1-2 contain screenshots of relevant pages of the Hotel's website. *See* RJN at 5-10. In his opposition brief, Plaintiff opposed the request, claiming the version of the website in the RJN was different from the one in the Motion. *See* Opp. at 6. Defendant then submitted a corrected Exhibit 1. *See* ECF No. 19-1 (corrected version of Exhibit 1). The Court finds the content of the website in corrected Exhibit 1 and Exhibit 2 appropriate for judicial notice because it is "information on certain . . . webpages that [Plaintiff] referenced" in his pleading. *See Love v. Ashford San Francisco II LP*, No. 20-cv-8458-EMC, 2021 WL 1428372, at *3 (N.D. Cal. Apr. 15, 2021) (quoting *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010)); *see also Whitaker v. Montes*, No. 21-cv-679-EMC, 2021 WL 1839713, at *1 (N.D. Cal. May 7, 2021) (taking judicial notice of website screenshots over objection from plaintiff because "that website information comes from a URL that matches the URL provided in the complaint [and] there is no dispute . . . that the website information matches what can currently be found on [d]efendants' website"). Accordingly, Defendant's request for judicial notice of Exhibits 1 and 2 is GRANTED.

The Court does not consider Exhibits 3-11 in adjudicating this Motion, and so DENIES AS MOOT the request for judicial notice of those exhibits.

### B. Motion to Dismiss

#### i. Count 1 – ADA Claim

Plaintiff's ADA claim alleges a violation of 28 C.F.R. § 36.302(e), more commonly known as the "Reservations Rule." The Reservations Rule requires hotels to "identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs." 28 C.F.R. § 36.302(e)(1)(ii). The

4

1  regulation itself does not provide further guidance on what features hotels must detail on their
2  website.

3        Responding to concerns from industry about the vagueness of this standard, in 2010 the
4  Department of Justice provided guidance on the scope of the information required by the
5  Reservations Rule. *See* 28 C.F.R. § Pt. 36, App. A, "Title III Regulations 2010 Guidance and
6  Section-by-Section Analysis" ("Guidance"). The Guidance recognized that a hotel's reservations
7  portal is "not intended to be an accessibility survey." *Id.* While "specific information concerning
8  accessibility features is essential to travelers with disabilities," the Department of Justice stated
9  that it "c[ould] not specify what information must be included in every instance" due to variation
10 in the needs of disabled travelers. *Id.* Accordingly, the Guidance stated that "it may be sufficient"
11 for a hotel built in compliance with the ADA Standards for Accessible Design to note in its
12 reservation system that the hotel is accessible and, for every accessible room, to specify the type of
13 room, the size and number of beds, the type of accessible bathing facility, and accessible
14 communication features available in the room. *Id.*

15       The Hotel's website here provides far more information than what the Guidance says "may
16 be required" by the Reservations Rule. The website does state that the Hotel is accessible, and for
17 each room marked accessible, the Hotel website indicates the type of room, the size and number of
18 beds, the type of accessible bathing facility, and any accessible communication features in the
19 room. *See* RJN at 9-10 (naming each type of room, specifying the number and type of beds, and
20 allowing filtering by the type of accessible bathing facility and communication features). The
21 website's accessibility section further specifies, for example, that the accessible rooms have toilet
22 seats at wheelchair height, bathtub grab bars, lowered deadbolts, and adjustable shower wands,
23 among many other listed features. ECF No. 19-1 at 5. That page also states that common areas of
24 the Hotel feature accessible self-parking, Braille and tactile signage, and valet parking for vehicles
25 modified for wheelchair drivers. *Id.* Finally, the Hotel website states that anyone needing
26 additional information about the "physical features of [the Hotel's] accessible rooms, common
27 areas, or special services relating to a specific disability" should call the Hotel. *Id.* These
28 disclosures provide more information than the Guidance suggests is required, and thus the Hotel

5

1  website satisfies the Reservations Rule as a matter of law.

2  Indeed, multiple California district courts have concluded that these very same disclosures
3  (or materially similar ones) on other Marriott-affiliated hotel websites comply with the
4  Reservations Rule.  *See, e.g.*, *Ashford*, 2021 WL 1428372, at **3-6 (Clancy hotel); *Arroyo v. AJU*
5  *II Silicon Valley LLC*, No. 20-cv-8218-JSW, 2021 WL 2350813, at *8 (N.D. Cal. Mar. 16, 2021)
6  (Westin San Jose); *Garcia v. Chamber Maid L.P.*, No. CV 20-11699 PA (PDx), 2021 U.S. Dist.
7  LEXIS 49411, at *11 (C.D. Cal. Mar. 15, 2021) (Chamberlain West Hollywood Hotel); *Barnes v.*
8  *Marriott Hotel Servs., Inc.*, No. 15-cv-1409-HRL, 2017 WL 635474, at *10 (N.D. Cal. Feb. 16,
9  2017) (San Jose Marriott hotel).  Additional cases from across the Ninth Circuit have also
10  concluded that similar disclosures from other hotel operators suffice.  *See, e.g.*, *Strojnik v.*
11  *Orangewood LLC*, No. CV 19-946 DSF (JCx), 2020 U.S. Dist. LEXIS 11743, at *19 (C.D. Cal.
12  Jan. 22, 2020); *Rutherford v. Evans Hotels, LLC*, No. 18-cv-435 JLS (MSB), 2020 WL 5257868,
13  at *16 (S.D. Cal. Sept. 3, 2020); *Garcia v. Gateway Hotel L.P.*, No. CV 20-10752-PA (GJSx),
14  2021 WL 936176, at **4-5 (C.D. Cal. Feb. 25, 2021).

15  Plaintiff responds with several unpersuasive points.  First, he argues that the Guidance is
16  "some musings" by the Department of Justice, and that the Reservations Rule should be construed
17  "broadly and liberally" to effectuate the purpose of the ADA.  *See* Opp'n at 4, 13.  The Court joins
18  several others in rejecting the argument that the Guidance should not be given any weight.
19  Guidance from the Department of Justice is given *Seminole Rock* deference, requiring a court to
20  give it "controlling weight" unless it is "plainly erroneous or inconsistent with the regulation.  *See,*
21  *e.g.*, *Love v. Lanai Garden Corp.*, No. 20-cv-8918, 2021 WL 3633834, at *5 (N.D. Cal. Aug. 17,
22  2021) (citing *Kohler v. Presidio Int'l, Inc.*, 782 F.3d 1064, 1069 (9th Cir. 2015)); *Rios v. Leadwell*
23  *Global Prop. LLC*, No. 21-cv-267-PJH, 2021 WL 2207408, at *5 (N.D. Cal. June 1, 2021)
24  (Guidance entitled to "substantial deference").

25  Second, Plaintiff contends that the other "unpublished district court" decisions rejecting
26  similar challenges to accessibility disclosures "fail to directly address the issue on the merits" and
27  are "simply wrong."  Opp'n at 15-23.  The Court disagrees.  As outlined above, several courts
28  have rejected Reservations Rule-based challenges to these very same disclosures and materially

1  similar ones. And since the parties have completed briefing on this Motion, the weight of
2  authority has only grown more lopsided in favor of dismissing claims rooted in these disclosures.
3  *See, e.g.*, *Garcia v. Apple Seven Servs. SPE San Diego*, No. 21-cv-841-ODW, 2021 WL 3568063
4  (C.D. Cal. Aug. 11, 2021); *Love v. Royal Pac. Motel*, No. 20-cv-7308-JCS, 2021 WL 2711731
5  (N.D. Cal. Jul. 1, 2021); *Love v. CCMH Fisherman's Wharf LLC*, No. 20-cv-7131-JCS, 2021 WL
6  1734924 (N.D. Cal. May 3, 2021).

7        Third, Plaintiff cites two decisions denying motions to dismiss Reservations Rule claims,
8  but the Court finds both are distinguishable. In *Garcia v. Patel & Joshi Hosp. Corp.*, No. 20-cv-
9  2666-JGB-PVC, 2021 WL 1936809 (C.D. Cal. Mar. 19, 2021), plaintiff challenged accessibility
10 descriptions that stated only the features that the Guidance states "may be sufficient" to meet the
11 Reservations Rule. The Court found that the plaintiff's desire for information about "the
12 accessibility of toilets or of clear floor space" was "sufficiently narrow and consistent with the
13 kinds of information the DOJ Guidance identifies as potentially sufficient." *Id.* at *13-14. In
14 contrast, the Hotel website here contains the additional information about toilet accessibility and
15 floor space that the plaintiff sought, and far more. *See* RJN at 9-10. Plaintiff also cites *Love v.
16 Cow Hollow Motor Inn. Assocs., L.P.*, ECF No. 21, No. 20-cv-7525 (N.D. Cal. Feb. 17, 2021),
17 which found that the admonition in the Guidance that certain accessibility details "*may* be
18 sufficient" to meet the Reservations Rule created a factual dispute about the sufficiency of
19 accessibility details on a hotel website. The Court respectfully parts ways with that decision and
20 joins the other district courts that have found these very same disclosures sufficient as a matter of
21 law.

22       Accordingly, Plaintiff's ADA claim is DISMISSED.

23       **ii.    Count 2 – Unruh Act Claim**

24       Plaintiff's claim under the Unruh Act is based on the alleged violation of the ADA. *See*
25 FAC ¶¶ 37-38. Because the Court has dismissed the ADA claim, the Unruh Act claim will also be
26 DISMISSED. *See Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1175 (9th Cir. 2021) ("The
27 Unruh Act is coextensive with the ADA. Thus, our analysis of Whitaker's ADA claim applies
28 equally to his Unruh Act claim."); *Ashford*, 2021 WL 1428372, at *6 (dismissing Unruh Act claim

after dismissing ADA claim).

### C. Leave to Amend

"[L]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1108 (9th Cir. 2003). The Court notes that several other decisions have dismissed ADA Reservation Rule claims with prejudice after adjudicating only one motion to dismiss. *See, e.g.*, *CCMH Fisherman's Wharf*, 2021 WL 1734924, at *9; *Apple Seven Servs.*, 2021 WL 3568063, at *3. It is unclear whether Plaintiff can amend to correct the defects identified in this order. The Court has found that the current version of the website complies with the Reservation Requirement as a matter of law. Nevertheless, there are some indications that Defendant's website may have changed since Plaintiff filed this lawsuit. *Compare* RJN at 7 (Accessibility section with fewer disclosures than current website), *with* ECF No. 19-1 at 2 (current version of Accessibility section). Because there may be a dispute about the state of the website at the time Plaintiff viewed it, it may be "possible" for Plaintiff to amend to state a claim. *Vess*, 317 F.3d at 1108.

Plaintiff should carefully consider whether to amend. If Plaintiff does, and given that the ADA only allows private plaintiffs to receive injunctive relief, *see* 42 U.S.C. § 12188(a)(1), the Court would expect to confront the argument that Plaintiff's ADA claim is moot. If the ADA claim is moot, the Court would likely decline to exercise supplemental jurisdiction over the Unruh Act claim. *See Johnson v. Techbusiness Resources, LLC*, No. 20-cv-6048-BLF, 2020 WL 7013596, at *3 (N.D. Cal. Nov. 28, 2020). The Court does not "prejudge" the mootness argument, which would involve "assess[ing] the likelihood of Defendant[] returning to a noncompliant website" in the future, but urges Plaintiff to consider how it affects the propriety of amendment here. *See Montes*, 2021 WL 1839713, at *2 (dismissing ADA claim with leave to amend but identifying potential mootness issue).

### IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss is GRANTED WITH LEAVE TO AMEND. If he believes he can rectify the defects discussed above, Plaintiff SHALL file an amended complaint no later than 14 days from the date

of this Order. Failure to meet the deadline to file an amended complaint or failure to cure the deficiencies identified in this Order will result in a dismissal of Plaintiff's claims with prejudice.

Dated: August 23, 2021

_____
BETH LABSON FREEMAN
United States District Judge